Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Sharon Johnson Coleman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 4535 | **DATE** | July 19, 2011 |
| **CASE TITLE** | Lawrence Latham (#2010-1114066) v. County of Cook, et al. | | |

**DOCKET ENTRY TEXT:**

Plaintiff's motion for leave to proceed *in forma pauperis* [#3] is granted and the initial partial filing fee is waived. The Court authorizes the Cook County Jail trust fund account officer to begin making deductions from Plaintiff's fund account in accordance with this order until the entire $350 filing fee is paid. The Clerk shall send a copy of this order to the Supervisor of Inmate Trust Fund Accounts, Cook County Dept. of Corrections Administrative Office, Division V, 2700 S. California, Chicago, IL 60608. However, summonses shall not issue at this time. The Court dismisses the complaint on file without prejudice. Plaintiff is granted thirty days in which to submit an amended complaint (plus a judge's copy and service copies). Failure to submit an amended complaint within thirty days of the date of this order will result in summary dismissal of this case. The Clerk is directed to provide Plaintiff with an amended civil rights complaint form and instructions along with a copy of this order.

■ **[For further details see text below.]**  Docketing to mail notices.

## STATEMENT

Plaintiff, Lawrence Latham, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims that on March 28, 2011 he was assaulted by another inmate and was injured. More specifically, Plaintiff alleges that he suffered a fractured nose, is suffering from back pain, as a result of the assault. Plaintiff names County of Cook, Tom Dart, Robert Lyles, and Salvador Godinez as Defendants.

According to the statement submitted with his *in forma pauperis* application, Plaintiff has neither available funds nor means to pay the initial partial filing fee required by 28 U.S.C. § 1915(b)(1). As 28 U.S.C. § 1915(b)(4) requires that a prisoner not be prohibited from bringing suit because of inability to pay, the initial partial filing fee is waived. The trust fund officer at the correctional facility where Plaintiff is confined is authorized to collect monthly payments from Plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from Plaintiff's trust fund account shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, IL 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and the case number assigned to this action. The inmate trust account office at the Cook County Jail shall notify transferee authorities of any outstanding balance in the event Plaintiff is transferred from the jail to another correctional facility.

**(CONTINUED)**

AWL

| STATEMENT (continued) |
|---|

However, Plaintiff must submit an amended complaint. To establish an Eighth Amendment claim that correctional officials acted with deliberate indifference to his safety, Plaintiff must show that: (1) he was "incarcerated under conditions posing a substantial risk of serious harm," and (2) defendant-official acted with "deliberate indifference" to that risk. *Brown v. Budz*, 398 F.3d 904, 909 (7th Cir. 2005), *citing Farmer v. Brennan*, 511 U.S. 825, 832,(1994). Plaintiff has not pled that he was incarcerated under conditions that presented a substantial risk of harm, nor that any Defendant acted with criminal negligence with respect to some known risk of serious harm. All he has pled is that he had an altercation with another pre-trial detainee and suffered harm as a result. Accordingly, Plaintiff has not pled sufficient facts to state a claim for deliberate indifference and must amend.

Additionally, Plaintiff names County of Cook as a Defendant. A municipality cannot be held liable for a constitutional violation in the absence of a custom, policy or practice that effectively caused or condoned the alleged constitutional violations. *See, e.g., Garrison v. Burke*, 165 F.3d 565, 571 (7th Cir. 1999); *Phelan v. Cook County*, 463 F.3d 773, 789 (7th Cir. 2006); *Monell v. Dep't. of Soc. Serv. of City of New York*, 436 U.S. 658, 694 (1978). In the case at bar, Plaintiff does not suggest that there was an unconstitutional municipal policy or custom leading to the alleged constitutional violation. Therefore, there is no basis for liability on the part of the County of Cook, and it is dismissed as a Defendant.

Further, in addition to Cook County, Plaintiff has named only supervisory officials as Defendants. Liability under the Civil Rights Act requires a defendant's personal involvement in any alleged constitutional violations. *See Palmer v. Marion County*, 327 F.3d 588, 594 (7th Cir. 2003). Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, "to be liable under § 1983, an individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005). Plaintiff alleges no personal involvement by any of the individual Defendants he names in his complaint. They are therefore not proper Defendants.

For the foregoing reasons, the Court dismisses the complaint on file without prejudice. Plaintiff is granted thirty days in which to submit an amended complaint on the Court's required form. Plaintiff must write both the case number and the judge's name on the amended complaint, sign it, and return it to the Prisoner Correspondent. As with every document filed with the court, Plaintiff must provide an extra copy for the judge; he must also submit a service copy for each Defendant named in the amended complaint. Plaintiff is cautioned that an amended pleading supersedes the original complaint and must stand complete on its own. Therefore, all allegations against all Defendants must be set forth in the amended complaint, without reference to the original complaint. Any exhibits Plaintiff wants the Court to consider in its threshold review of the amended complaint must be attached, and each copy of the amended complaint must include complete copies of any and all exhibits. Plaintiff is advised to keep a copy for his files. The Clerk will provide Plaintiff with an amended civil rights complaint form and instructions along with a copy of this order. If Plaintiff fails to comply within thirty days, the case will be summarily dismissed. However, Plaintiff will still be responsible for paying the filing fee.