# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Sharon Johnson Coleman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 4535 | **DATE** | August 25, 2011 |
| **CASE TITLE** | Lawrence Latham (#2010-1114066) v. County of Cook, et al. | | |

**DOCKET ENTRY TEXT:**

Plaintiff has submitted a proposed amended complaint. On initial review pursuant to 28 U.S.C. § 1915A, the Court finds that Plaintiff's amended complaint is acceptable. Defendants Tom Dart, Salvador Godinez, and Robert Lyles are dismissed as Defendants. The Clerk is directed to amend the caption of the complaint to reflect the fact that Officer Casteneda is a Defendant. The Clerk is also directed to issue summonses to Cook County and Officer Casteneda, and the United States Marshals Service is appointed to serve them. The Clerk is further directed to send Plaintiff a magistrate judge consent form and filing instructions along with a copy of this order. Plaintiff's motion for appointment of counsel [#8] is denied.

■ **[For further details see text below.]**  Docketing to mail notices.

## STATEMENT

Plaintiff, Lawrence Latham, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims that on March 28, 2011 he was assaulted by another inmate and was injured. More specifically, Plaintiff alleges that he was inside of his cell, and that another inmate was allowed to roam his tier freely and attack him through the open window in his cell door, repeatedly for a period of three hours. Plaintiff alleges that although he yelled to Officer Casteneda that he needed help, Officer Casteneda did nothing to assist him. Plaintiff alleges that the policy of leaving the windows in cell doors unobstructed, and allowing pre-trial detainees to wander the cell-house unsupervised, led to the attack, and consequently, to his injuries.

Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt initial review of prisoner complaints against governmental entities or employees. Here, accepting Plaintiff's factual allegations as true, the Court finds that the amended complaint states a colorable cause of action under the Civil Rights Act as to Defendant Casteneda for deliberate indifference to a substantial risk of serious harm. *Brown v. Budz*, 398 F.3d 904, 909 (7th Cir. 2005), *citing Farmer v. Brennan*, 511 U.S. 825, 832,(1994). Plaintiff has additionally stated an official capacity claim against Cook County. *See Monell v. Dep't. of Soc. Serv. of City of New York*, 436 U.S. 658, 694 (1978). Plaintiff, in his original complaint, named Tom Dart, Salvador Godinez, and Robert Lyles. Plaintiff makes no mention of them in his amended complaint, so they are dismissed as Defendants.

It appears that Plaintiff's claims, while not probable, are certainly more than negligible, accordingly, the Court finds that he may proceed with his complaint. *See Atkins v. City of Chicago*, 631 F.3d 823, 831-832 (7th Cir. 2011). While a more fully developed record may belie the Plaintiff's allegations, Defendants Casteneda and Cook County must respond to the complaint.

**(CONTINUED)**

AWL

| STATEMENT  (continued) |
|---|

      The Clerk shall issue summonses for service of the complaint on Defendants Casteneda and Cook County (hereinafter, "Defendants"). The Clerk shall also send Plaintiff a Magistrate Judge Consent Form and Instructions for Submitting Documents along with a copy of this order.

      The United States Marshals Service is appointed to serve Defendants. Any service forms necessary for Plaintiff to complete will be sent by the Marshal as appropriate to serve Defendants with process. The U.S. Marshal is directed to make all reasonable efforts to serve Defendants. If any Defendant can no longer be found at the work address provided by Plaintiff, the Cook County Jail shall furnish the Marshal with that Defendant's last-known address. The information shall be used only for purposes of effectuating service [or for proof of service, should a dispute arise] and any documentation of the address shall be retained only by the Marshal. Address information shall not be maintained in the Court file, nor disclosed by the Marshal. The Marshal is authorized to mail a request for waiver of service to Defendants in the manner prescribed by FED. R. CIV. P. 4(d)(2) before attempting personal service.

      Plaintiff is instructed to file all future papers concerning this action with the Clerk of Court in care of the Prisoner Correspondent. Plaintiff must provide the Court with the original plus a complete judge's copy, including any exhibits, of every document filed. In addition, Plaintiff must send an exact copy of any Court filing to Defendants [or to defense counsel, once an attorney has entered an appearance on behalf of Defendants]. Every document filed with the Court must include a certificate of service stating to whom exact copies were mailed and the date of mailing. Any paper that is sent directly to the judge or that otherwise fails to comply with these instructions may be disregarded by the Court or returned to Plaintiff.

      Plaintiff has submitted a second motion for appointment of counsel. The motion is denied, without prejudice to later renewal. Civil litigants do not have a constitutional or statutory right to counsel. *See Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006). Plaintiff has alleged no disability that might preclude him from pursuing the case adequately on his own. Neither the legal issues raised in the complaint, nor the evidence that might support Plaintiff's claims are so complex or intricate that a trained attorney appears to be necessary, at least not at this time. The Court also notes that judges give *pro se* litigants wide latitude in handling their lawsuits. Plaintiff may renew his request, if he wishes, after Defendants respond to the complaint.